IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LAMONT O'SHEA DOUGLAS,**
      Plaintiff,

v.                                                             Civil Action No. 3:21cv648

**VIRGINIA PAROLE BOARD, et al.,**
      Defendants.

MEMORANDUM OPINION

Lamont O'Shea Douglas, a former Virginia inmate, now incarcerated in New Jersey, submitted this action and requested leave to proceed *in forma pauperis*. (ECF No. 6.) The pertinent statute provides:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In his *in forma pauperis* affidavit, Douglas lists two cases that were previously dismissed as frivolous, malicious, or failure to state a claim.[1] However, based on a cursory search conducted by the Court, it is evident that Douglas was dishonest on the affidavit form. Instead, Douglas has at least two other actions or appeals that have been dismissed as frivolous or for failure to state a claim. *See Douglas v. Duncan*, No. 1:21–cv–515, 2021 WL 2820664, at *1 (W.D. Mich. July 7, 2021) (citing *Douglas v. Davis*, No. 3:15-cv-34, 2016 WL 254454, at *4 (E.D. Va. Jan. 20, 2016); *Douglas v. Cnty. of Wise*, No. 7:08–cv–12, 2008 WL

---

[1] Douglas lists: "Douglas v. Young, No. 7:99–cv–763 (W.D. Va. Nov. 24, 1999)" and "Douglas v. G. Meade, No. 7:00–cv–00253–JCT–GC." (ECF No. 6, at 2.) For the second case, Douglas contends he was "prejudice[d] by this strike." (*Id.*)

190788, at *1 (W.D. Va. Jan 18, 2008); *Douglas v. Young*, No. 7:99–cv–763 (W.D. Va. Nov. 24, 1999)). The Court can dismiss the action based on Douglas's dishonesty alone.

Nevertheless, because Douglas has three strikes and his current complaint does not suggest that he is in imminent danger of serious physical harm, his request to proceed *in forma pauperis* will be DENIED. (ECF No. 6.) The action will be DISMISSED WITHOUT PREJUDICE. If Douglas wishes to proceed with this action, he may submit a new complaint with the full $400 filing fee. The Court will process such a complaint as a new civil action.

An appropriate Order shall accompany this Memorandum Opinion.

It is so ORDERED.

Date: 16 December 2021
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

2